August V. Heyderstadt *vs.* William Whalen *et al.*

Argued July 10, 1893. Affirmed July 14, 1893.

**Findings Supported by the Evidence.**
　Evidence *held* to justify the findings.

**Title Held as Security for Purchase Money.**
　Where a third person lends to the vendee of land money with which to pay the purchase money to the vendor, and as security therefor obtains from the latter a conveyance of the title to the land, the lender is subrogated to the rights of the vendor, and the rights of the vendee, homestead or otherwise, in the land, are subject to his lien for the money thus advanced.

Appeal by William H. Weibeler, one of the defendants, from a judgment of the District Court of Scott County, *Francis Cadwell*, J., entered March 9, 1893.

Frederick Diers on September 1, 1877, held a certificate from the State for the purchase of the southwest quarter of the northeast quarter and the southeast quarter of the northwest quarter of section sixteen (16), T. 113, R. 24, in Scott County, containing eighty acres. It was school land, and on payment of $330 and interest from January 1st of that year he was entitled to a conveyance from the State. On that day he made a parol executory agreement with defendant William Whalen to sell the land and assign the certificate to him for $1,500. Whalen paid $500 of this and agreed to pay the balance at a future day. The possession was delivered to Whalen, and he has ever since resided on it and paid interest to the State on the $330. On January 29, 1881, the plaintiff, August V. Heyderstadt, at the request of Whalen, paid to Diers the $1,000, and took from him an assignment of the school land certificate. He took from Whalen his note for this $1,000 and gave him a writing stating that he held the certificate as security for the payment of the note. Whalen thereafter paid to plaintiff the interest on the note to April 7, 1891. Whalen's wife never signed any of the papers. The eighty acres was their homestead. Whalen and wife afterwards conveyed their rights to defendant, William H. Weibeler. Heyderstadt brought this action August 5, 1891, to foreclose. He prayed judgment against Whalen for the amount due on his note, and that the land be sold to pay the judgment. Defendants answered, and the issues were tried June 24, 1892; findings were filed and judgment entered as prayed in the complaint. From that judgment Weibeler appeals. The discussion here was on the evidence, whether or not it sustained the findings.

*F. C. Irwin* and *Southworth & Coller*, for appellant.

*Williams, Goodenow & Stanton*, for respondent.

MITCHELL, J. This was an action to foreclose an equitable mortgage on eighty acres of land owned, or formerly owned, by the defendant Whalen. The substance of the defense was that the land was, at the date of the mortgage, Whalen's homestead, and that his wife did not join in its execution. The assignments of

error go to the sufficiency of the evidence to justify the findings, the main point made being that it did not justify the finding that the mortgage was for the purchase money of the land. The land was school land which the state had sold on the usual long credit, one Diers being the owner and holder of the certificate of purchase. Diers sold the land to Whalen for $500 cash, and $1,000 on time, retaining the certificate and equitable title as security for the unpaid purchase money. Subsequently, Whalen borrowed $1,000 of plaintiff, whereupon Diers, upon being paid in full, with the consent and at the instance of Whalen, transferred and assigned the certificate, and all his interest in the land, to plaintiff, to be by him held as security for the $1,000 thus loaned to Whalen. This is the basis of plaintiff's lien. Thus far there is no dispute about the facts. Defendants' claim is that there was no evidence that plaintiff loaned the $1,000 to pay the purchase money to Diers, or that it was used for that purpose; their contention being that it appears that Whalen was then owing Diers not to exceed $400, and that not more than that amount of the money was paid to Diers. The evidence on this point is somewhat obscure and indefinite, but we are of the opinion that it is sufficient to justify a finding that Whalen was still owing Diers $1,000, and that the whole of the money advanced or loaned by plaintiff was applied in liquidation of that debt. It does appear that Whalen had executed to Diers a mortgage on another tract of land to secure $400 of the purchase money of the first-mentioned tract, (which was satisfied at the time of the loan by plaintiff,) but we think it is fairly inferable from the evidence that this was merely additional security for part of the $1,000. Of course the rights of Whalen in the land were subject to Diers' claim for purchase money, and it needs no argument to show that if plaintiff advanced or loaned the money to pay Diers, and as security therefor took from him an assignment and transfer of the certificate of purchase of the land, this was not the creation of any new lien, but that plaintiff merely stepped into Diers' shoes. This is the only point that we can discover in the case, worthy of special notice.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 958.)